1  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
2  SHEGERIAN & ASSOCIATES, INC.
   225 Arizona Avenue, Suite 400
3  Santa Monica, California 90401
   Telephone Number:  (310) 860-0770
4  Facsimile Number:   (310) 860-0771

5  Attorneys for Plaintiff,
   KOURTNEY LIGGINS
6

7

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFONRIA, WESTERN DIVISION

10               LACV14-8983

11 KOURTNEY LIGGINS,                    )  Case No.:
                                        )
12          Plaintiff,                  )  PLAINTIFF KOURTNEY LIGGINS'
                                        )  COMPLAINT FOR DAMAGES BASED
13 vs.                                  )  ON:
                                        )
14 ARCHDIOCESE OF LOS ANGELES,          )  (1) DISCRIMINATION ON THE BASES
   TRANSFIGURATION SCHOOL,              )      OF AGE IN VIOLATION OF TITLE
15 MICHAEL TANG, EVELYN                 )      VII OF THE 1967 AGE
   RICKENBACKER, and DOES 1 to 10,      )      DISCRIMINATION IN
16 inclusive,                           )      EMPLOYMENT ACT (29 U.S.C.
                                        )      § 620, *ET SEQ.*);
17          Defendants.                 )
                                        )  (2) HARASSMENT ON THE BASES OF
18                                      )      AGE IN VIOLATION OF 1967 AGE
                                        )      DISCRIMINATION IN
19                                      )      EMPLOYMENT ACT (29 U.S.C.
                                        )      § 620, *ET SEQ*;
20                                      )
                                        )  (3) RETALIATION FOR
21                                      )      COMPLAINTS OF
                                        )      DISCRIMINATION AND
22                                      )      HARASSMENT ON THE BASES OF
                                        )      AGE IN VIOLATION OF 1967 AGE
23                                      )      DISCRIMINATION IN
                                        )      EMPLOYMENT ACT (29 U.S.C.
24                                      )      § 620, *ET SEQ.*);
                                        )
25                                      )  (4) DISCRIMINATION ON THE BASES
                                        )      OF GENDER AND/OR
26                                      )      PREGNANCY IN VIOLATION OF
                                        )      TITLE VII OF THE 1964 CIVIL
27                                      )      RIGHTS ACT AND THE
                                        )      PREGNANCY DISCRIMINATION
28                                      )      ACT OF 1978 (42 U.S.C. § 2000e,

────────────────────────────────────────────
            PLAINTIFF'S COMPLAINT FOR DAMAGES

*et seq.*);

(5) **HARASSMENT ON THE BASES OF GENDER AND/OR PREGNANCY IN VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT AND THE PREGNANCY DISCRIMINATION ACT OF 1978 (42 U.S.C. § 2000e, *et seq.*);**

(6) **RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT ON THE BASES OF GENDER AND/OR PREGNANCY IN VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT AND THE PREGNANCY DISCRIMINATION ACT OF 1978 (42 U.S.C. § 2000e, *et seq.*);**

(7) **DISCRIMINATION ON THE BASES OF DISABILITY IN VIOLATION OF TITLE VII OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 *et seq.*);**

(8) **HARASSMENT ON THE BASES OF DISABILITY IN VIOLATION OF TITLE VII OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101, *et seq.*);**

(9) **RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT ON THE BASES OF DISABILITY IN VIOLATION OF AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101, *et seq.*);**

**DEMAND FOR JURY TRIAL**

Plaintiff, Kourtney Liggins, alleges:

## PARTIES

1. Plaintiff, Kourtney Liggins ("plaintiff" or "Liggins"), is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

2.  Defendants Archdiocese of Los Angeles ("defendant" or "Archdiocese") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Archdiocese's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 3424 Wilshire Boulevard, Los Angeles, California 90010-2241.

3.  Defendants Transfiguration School ("defendant" or "Transfiguration") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles.  Transfiguration's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 400 Roxton Avenue, Los Angeles, California 90008.

4.  Defendants Michael Tang ("Tang") is, and at all times mentioned in this Complaint was, employed by Archdiocese and Transfiguration and was plaintiff's supervisor.  At all times known to plaintiff, defendants Tang was a resident of Los Angeles County.

5.  Defendants Evelyn Rickenbacker ("Rickenbacker") is, and at all times mentioned in this Complaint was, employed by Archdiocese and Transfiguration and was plaintiff's supervisor.  At all times known to plaintiff, defendants Rickenbacker was a resident of Los Angeles County.

6.  Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

7.  Defendants Archdiocese and Transfiguration both directly and indirectly employed plaintiff Liggins, as defined under the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

8.  In addition, defendants Archdiocese and Transfiguration compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

9.  Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## INTRODUCTORY ALLEGATIONS

10.  Plaintiff Liggins, a 41-year-old woman, was employed by defendants Archdiocese and Transfiguration for five years, from 2008 until June 21, 2013. Plaintiff worked as an eighth-grade teacher for all five years. At no time was Plaintiff required, as part of her job duties, to read or teach the bible, teach religious studies as part of her curriculum, engage in religious discussion as part of her curriculum, talk about the faith, or engage in prayer during her class time. Her duties as an eighth grade teacher were purely secular. Plaintiff's duties also as an assistant to the confirmation director and youth minister did not involve any religious teachings and discussions, or involve bible study or prayer. Her duties in these positions were purely secular, and only involved engaging youth in discovering and exploring their individuality in all aspects of their life, such as their relationships with their family, school, their career, interests, hobbies, etc. Her direct supervisors at the time her employment was terminated were defendants Tang, who oversees the school as the pastor, and Rickenbacker, the school principal. At all times, plaintiff performed her job duties in an exemplary manner.

11.  Plaintiff believes Transfiguration School is its own separate legal entity because it has held  itself out to be such. On plaintiff Liggins' pay stubs, the corporation listed that issues her paychecks is Transfiguration School Education And Welfare Corporation. The  address  listed  for  this  corporation  is  Transfiguration  School's  address.

Transfiguration School has its own mission statement, which is "[e]ach student of Transfiguration School shall: experience a well balanced curriculum, grow in love of god, self, humankind and all creation, develop knowledge of and respect for his/her cultural heritage, and prepare to become a responsible citizen of society."

12.   In June of 2012, when plaintiff Liggins was about seven months' pregnant, defendants Tang told plaintiff that Liggins' pregnancy would morally corrupt impressionable teenagers.

13.   Defendants Tang referred to plaintiff Liggins' then unborn child as "it" and said that "it" would not be permitted on Transfiguration's campus.

14.   Plaintiff complained to defendants' human resources department and to the bishop about defendants Tang's harassing treatment of her. The bishop dismissingly responded saying he would speak to Tang, but advised Liggins to "pray on it."

15.   In July of 2012, plaintiff began her maternity leave. She planned to remain on leave for one full year and to return to teaching in the 2013-2014 school year.

16.   Plaintiff was not told by defendants that she would be violating any school or church policy by having a child out of wedlock, or that she would not be able to work for defendants if she had her baby because she would be violating a school or church precept. In fact, on or around November of 2012, defendants Tang informed plaintiff Liggins that she had to return to teach by December 1 or else she would be terminated. Liggins ended her maternity leave a full six months early because she feared losing her job.  When she came back to work, Liggins was still nursing her daughter; she had to feed her child on her lunch break at the day care center across the street from the school.

17.   Plaintiff's compensation was lower when she returned to teaching in December 2012 than it had been prior to maternity leave.

18.   After plaintiff Liggins cut her maternity leave short and returned to work, she was left out of meetings held among the fifth-, sixth-, and seventh-grade teachers to discuss class changes.  Defendants Rickenbacker, then a seventh-grade teacher and vice principal of the school, told Liggins that the meetings were not meetings, but just

teachers having lunch together in Rickenbacker's office. Because she was excluded from the meetings, Liggins was not notified of classroom changes.

19.   Defendants' teachers also began to retaliate against plaintiff's children, who were students at defendants Transfiguration. When a sixth-grade teacher confiscated plaintiff's son's iPad, Liggins went to the teacher at the end of the school day and asked to have the iPad returned. The teacher told her that she could get the iPad back at the end of the school year, although other students who had items confiscated got them back at the end of the school day.

20.   Plaintiff's children told her that defendants Rickenbacker often made comments about immorality in the classroom and also remarked that the students "were not getting ready for high school."  Plaintiff believed that these comments referred to her, as she had already been accused of immorality and as she was the school's only eighth-grade teacher.

21.   Plaintiff Liggins scheduled a meeting with defendants Tang to discuss scholarships for her children.  The meeting was set for May 7, 2013, but when Liggins arrived Tang abruptly rescheduled it for the next day because he said that defendants Rickenbacker needed to be there.

22.   On May 8, 2013, when Liggins met with Tang about scholarships, Tang for the first time addressed alleged parent complaints about Liggins.  Plaintiff Liggins was given a packet of complaints, some of them as much as 13 months old, about her performance and her pregnancy.  Liggins asked why the complaints had not been turned over to her before when there were so many, the school's secretary, Ms. Crockett, said that she was sorry, but she had been "too busy."  Several of the complaints did not have dates or complainants' names on them.  Until that meeting, Liggins had never been told that there was any complaint about her.

23.   The father of one of plaintiff Liggins's students later told her that defendants Tang offered to forgive his debt to defendants Transfiguration if he would complain about Liggins in writing.

24.  A parent who sent plaintiff a text message during school hours later complained that plaintiff was using her cell phone in class.  That parent's child received a grant from the school.

25.  On May 13, 2013, Adrian McGee, plaintiff Liggins's partner and the father of her daughter, visited defendants Rickenbacker's classroom, in which Liggins's son was a student, by appointment.  McGee told Liggins that Rickenbacker made comments on immorality and on "not getting ready for high school."

26.  On May 15, 2013, plaintiff Liggins was called to a meeting, which McGee was specifically forbidden to attend as a witness.  Defendants gave McGee a memo stating that he was no longer permitted on school grounds.

27.  In the May 15, 2013 meeting, Liggins was handed a performance review that contained false statements about her.  Defendants Tang told her to sign the review, or she would be suspended.  Liggins refused to sign because of the false statements and asked to call defendants' human resources department. HR manager Margaret Antcazk said that plaintiff did not have to sign the review as long as witnesses heard Tang read it to her and stated that Tang could not suspend Liggins.

28.  In the minutes of the May 16, 2013 meeting, Deacon Gregory J. Patterson noted that defendants Tang said that "backstabbing and insubordinate behavior will not be tolerated and will stop from this day forward . . .  There is going to be a turnover here at our school with new and younger faculty members. They are to be welcomed and treated with respect."  Two other female teachers who were near plaintiff's age were fired at about the same time and replaced with people in their early 20s.

29.  In June 2013, Plaintiff was injured her back and tailbone at work while moving a desk for the end of year party. Plaintiff sought medical treatment and applied for worker's compensation. Plaintiff's worker's compensation was denied because defendants reported Plaintiff's injury never happened and Plaintiff filed a claim only because defendants fired her.

30.  Defendants terminated plaintiff's employment by written notice dated June 21,

PLAINTIFF'S COMPLAINT FOR DAMAGES

2013.  Defendants' alleged reason for the discharge was complaints from eighth-grade parents that plaintiff was often late to work and used cell phone during school hours, as well as McGee's visit to the school on May 13, 2013. Plaintiff withdrew her children from Transfiguration.

31.  Plaintiff requested her personnel file from defendants. When she received it, her contract for the 2012-2013 school year was missing. However, the file included a March 3, 2011 employee counseling notice on which Liggins's signature and those of her sisters and the purported witnesses were forged. In addition, the file contained forged time cards purporting to show that Liggins was late on numerous occasions.

32.  Plaintiff believes defendants have told other employers and individuals within the Archdiocese about reasons for her termination, specifically that she was habitually absent, late, unprepared and a poor teacher because Plaintiff's sister, the former principal, had job offers retracted after Plaintiff was terminated.

33.  Plaintiff also believes defendants actively sought to prevent plaintiff from obtaining future employment by falsely representing to potential future employers that plaintiff was seeking employment at that plaintiff was terminated for being habitually late, absent, unprepared, as well as a poor teacher.

34.  Plaintiff also alleges that she was forced to tell potential employers the reasons defendants gave for terminating her, which was that she was habitually late, absent, unprepared, as well as a poor teacher.

35.  Plaintiff believes and alleges that defendants' true reasons for terminating her employment were, among other things, her age, her gender, and her pregnancy.

36.  As a result of defendants harassing and discriminatory treatment towards her and her termination, Plaintiff has suffered severe depression, anxiety, lack of sleep, low self esteem, and frustration from being unable to find another teaching position.

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## (Discrimination on the Bases of Age in Violation of Age Discrimination in Employment Act of 1967 (29 U.S.C. § 620, *et seq.*)—Against Defendants Archdiocese and Transfiguration Inclusive of Does 1 through 100

37.   The allegations set forth in paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

38.   At all times herein mentioned, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. section 620, *et seq.,* was in full force and effect and was binding on defendants Archdiocese and Transfiguration.   These statutes require defendants to refrain, amongst other things, from "refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ."

39.   During plaintiff's employment with defendants, defendants, through its supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old.   Specifically, defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees.

40.   During plaintiff's employment with defendants, defendants intentionally engaged in age discrimination by discharging employees over the age of 40 with greater frequency than other employees.   During plaintiff's employment with defendants, defendants had a pattern and practice of discriminating against employees who were more than 40 years old.

41.   Plaintiff was a qualified employee at the time of the termination of her employment, she was more than 40 years old, and she was replaced by an employee younger than 40, raising an inference of discrimination.

42.   Defendants, through its managers and supervisors, made a number of com-

ments to and about plaintiff Liggins that exhibited ageist motivations, intentions, and consciousness. Plaintiff believes and on that basis alleges that defendants' real motivation was to discharge her because of her age.

43. On the basis of the above, plaintiff believes and alleges that her age was a substantial motivating reason in defendants' termination of her employment.

44. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

45. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

46. Defendants' discrimination was done intentionally, in a fraudulent, malicious, oppressive manner, entitling plaintiff to punitive damages.

47. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

## SECOND CAUSE OF ACTION

### (Harassment on the Bases of Age in Violation of the Age

### Discrimination in Employment Act of 1967

### (29 U.S.C. § 620, *et seq.*)

### Against All Defendants Inclusive of Does 1 through 100

48. The allegations set forth in paragraphs 1 through 47 are re-alleged and incorporated herein by reference.

49. At all times herein mentioned, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. section 620, *et seq.*, was in full force and effect and was binding on defendants Archdiocese and Transfiguration. This statute requires defendants

to refrain, amongst other things, from harassing any employee on the basis of race and national origin.

50.  Defendants engaged in actions to harass plaintiff because of her age.  Defendants directed numerous comments to plaintiff, as was stated above, shunned her in daily activities, refused to involve her in various projects, including meetings regarding class changes, and took other actions directed toward plaintiff to get her to quit her job because of her age.

51.  As a proximate result of defendants' willful, knowing, and intentional harassment, plaintiff sustained damages in a sum according to proof.

52.  As a proximate result of defendants' willful, knowing, and intentional harassment, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

53.  Defendants' harassment of plaintiff was done intentionally, in a fraudulent, malicious, oppressive manner, entitling plaintiff to punitive damages.

54.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

### THIRD CAUSE OF ACTION

**(Retaliation for Complaining of Discrimination and Harassment on the Basis of Age in Violation of Age Discrimination in Employment Act of 1967 (29 U.S.C. § 620, *et seq.*) and the Equal Pay Act of 1963 (29 U.S.C. § 206d)— Against Defendants Archdiocese and Transfiguration Inclusive of Does 1 through 100**

55.  The allegations set forth in paragraphs 1 through 54 are re-alleged and incorporated herein by reference.

56.  At all times herein mentioned, the Age Discrimination in Employment Act of

1967, 29 U.S.C. section 620, *et seq.,* was in full force and effect and was binding on defendants Archdiocese and Transfiguration.  This statute requires defendants to refrain from retaliating against any employee for complaining of discrimination or harassment.

57.  Plaintiff believes and on that basis alleges that her complaints about discrimination and harassment because of her age were a substantial motivating reason in defendants'  termination of her employment. Specifically, Plaintiff was removed from her position as youth minister in May 2012, and defendants Tang said around May 16, 2013 that, "There is going to be a turnover here at our school with new and younger faculty members.  They are to be welcomed and treated with respect."

58.  As a proximate result of defendants'  willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

59.  As a proximate result of defendants'  willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

60.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

61.  Defendants' misconduct was committed intentionally, in a fraudulent, malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

///
///
///
///
///

## FOURTH CAUSE OF ACTION

**(Discrimination on the Basis of Gender and/or Pregnancy in Violation of Title VII of the 1964 Civil Rights Act and the Pregnancy Discrimination Act of 1978 (42 U.S.C. § 2000e, *et seq.*)—Against Defendants Archdiocese and Transfiguration Inclusive of Does 1 through 100**

62.   The allegations set forth in paragraphs 1 through 61 are re-alleged and incorporated herein by reference.

63.   At all times herein mentioned, the Civil Rights Act of 1964 and the Pregnancy Act of 1978, 42 U.S.C. section 2000e, *et seq.,* was in full force and effect and was binding on defendants Archdiocese and Transfiguration.   These statutes require defendants to refrain, amongst other things, from "refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ."

64.   During plaintiff Liggins's employment with defendants, defendants, through its supervisors, engaged in actions that had a negative impact on the treatment of female and/or pregnant employees.   During plaintiff's employment with defendants Transfiguration, defendants intentionally engaged in gender discrimination.

65.   Plaintiff Liggins was a qualified employee who performed her job in an exemplary manner.  Defendants subjected plaintiff to negative gender-based comments and to continuous harassing and threatening behavior.  Defendants intentionally discriminated against plaintiff in violation of the law.

66.   Defendants, through their managers and supervisors, made a number of comments to and about plaintiff Liggins that exhibited discriminatory motivations, intentions, and consciousness.

67.   On the basis of the above, plaintiff believes and alleges that defendants discriminated against her on the basis of gender and/or pregnancy.

68.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

69.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

70.   Defendants' discrimination was done intentionally, in a fraudulent, malicious, oppressive manner, entitling plaintiff to punitive damages.

71.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

## FIFTH CAUSE OF ACTION

**(Harassment on the Basis of Gender and/or Pregnancy**
**in Violation of Title VII of the 1964 Civil Rights Act**
**and the Pregnancy Discrimination Act of 1978 (42**
**U.S.C. § 2000e, *et seq*.)—Against All Defendants**
**Inclusive of Does 1 through 100**

72.   The allegations set forth in paragraphs 1 through 71 are re-alleged and incorporated herein by reference.

73.   At all times herein mentioned, the Civil Rights Act of 1964 and the Pregnancy Act of 1978, 42 U.S.C. section 2000e, *et seq.,* was in full force and effect and was binding on defendants Archdiocese and Transfiguration.  This statute requires defendants to refrain, amongst other things, from harassing any employee on the basis of race and national origin.

74.   During plaintiff Liggins's employment with defendants, defendants, through its supervisors, engaged in actions that had a negative impact on the treatment of female

PLAINTIFF'S COMPLAINT FOR DAMAGES

employees.  During plaintiff's employment with defendants,  defendants intentionally engaged in harassment on the basis of gender and/or pregnancy.

75.  Plaintiff Liggins was a qualified employee who performed her job in an exemplary manner.  Defendants subjected plaintiff to negative gender-based comments and to continuous harassing and threatening behavior.  Defendants intentionally harassed plaintiff in violation of the law.

76.  Defendants,  through its managers and supervisors, made a number of comments to and about plaintiff Liggins that exhibited harassing motivations, intentions, and consciousness.

77.  On the basis of the above, plaintiff believes and alleges that defendants harassed her on the basis of her gender and/or pregnancy.

78.  As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

79.  As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

80.  Defendants' harassment was done intentionally, in a fraudulent, malicious, oppressive manner, entitling plaintiff to punitive damages.

81.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### (Retaliation for Complaining of Discrimination and Harassment on the Basis of Gender and/or Pregnancy in Violation of Title VII of the 1964 Civil Rights Act and the Pregnancy Discrimination Act of 1978 (42 U.S.C. § 2000e, *et seq.*)—Against Defendants Archdiocese and Transfiguration Inclusive of Does 1 through 100

82.   The allegations set forth in paragraphs 1 through 81 are re-alleged and incorpo-rated herein by reference.

83.   At all times herein mentioned, the Civil Rights Act of 1964 and the Pregnancy Act of 1978, 42 U.S.C. section 2000e, *et seq.,* was in full force and effect and was binding on defendants Archdiocese and Transfiguration.  This statute requires defendants to refrain from retaliating against any employee for complaining of discrimination or harassment.

84.  During plaintiff Liggins' employment with defendants Transfiguration, defendants, through its supervisors, engaged in actions that had a negative impact on the treatment of female employees.  During plaintiff's employment with defendants, defendants intentionally engaged in gender discrimination and harassment.  Specifically, defendants Tang told her she was "immoral" for being pregnant and unmarried woman and would morally corrupt impressionable teenagers.

85.   Plaintiff Liggins was a qualified employee who performed her job in an exem-plary manner.  Defendants subjected plaintiff to negative gender-based comments and to continuous harassing and threatening behavior.  Defendants intentionally discriminated against and harassed plaintiff in violation of the law.

86.   Defendants, through its managers and supervisors, made a number of com-ments to and about plaintiff Liggins that exhibited discriminatory and harassing motiva-tions, intentions, and consciousness.

87.   On the basis of the above, plaintiff believes and alleges that defendants retaliat-

ed against her for her complaints of discrimination and harassment on the basis of gender.

88. As a proximate result of defendants' willful, knowing, and intentional retaliation, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

89. As a proximate result of defendants' willful, knowing, and intentional retaliation, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

90. Defendants'  misconduct was committed intentionally, in a fraudulent, malicious, oppressive manner, entitling plaintiff to punitive damages.

91. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

## SEVENTH CAUSE OF ACTION

### (Discrimination on the Basis of Disability in Violation
### of Title I of the Americans With Disabilities Act
### (42 U.S.C. § 12101 *et seq.*)
### Against  Defendants Archdiocese and Transfiguration
### Inclusive of Does 1 through 100

92. The allegations set forth in paragraphs 1 through 91 are re-alleged and incorporated herein by reference.

93. At all times herein mentioned, the Americans with Disabilities Act, 42 U.S.C. section 12101, *et seq.,* was in full force and effect and was binding on defendants Archdiocese and Transfiguration.  These statutes require defendants to refrain, amongst other things, from "refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ."

94.  Defendants and its supervisors engaged in actions that resulted in plaintiff's being treated differently because she suffered from a disability, namely, her injury at work.  Among other things, defendants and its supervisors made negative comments and reported to the worker's compensation insurance company Plaintiff was never injured at work.

95.  Plaintiff believes and on that basis alleges that her disability was a substantial motivating reason in defendants'  termination of her employment.

96.  As a proximate result of defendants'  willful, knowing, and intentional discrimination, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

97.  As a proximate result of defendants'  willful, knowing, and intentional discrimination, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

98.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

99.  Defendants'  misconduct was committed intentionally, in a fraudulent, malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendant.

### EIGHTH CAUSE OF ACTION

**(Harassment on the Basis of Disability in Violation of Title I**

**of the Americans With Disabilities Act**

**(42 U.S.C. § 12101 *et seq.*)**

**Against All Defendants Inclusive of Does 1 through 100**

100.  The allegations set forth in paragraphs 1 through 99 are re-alleged and incorporated herein by reference.

101.  At all times herein mentioned, the Americans with Disabilities Act, 42 U.S.C.

section 12101, *et seq.,* was in full force and effect and was binding on defendants Archdiocese and Transfiguration.  This statute requires defendants to refrain, amongst other things, from harassing any employee on the basis of race and national origin.

102.   Defendants engaged in various actions to harass plaintiff because of her disability.  Among other things, defendants and their supervisors made negative comments and reported to the worker's compensation insurance company Plaintiff was never injured at work.

103.   Plaintiff believes and on that basis alleges that her disability was a substantial motivating reason in defendants' termination of her employment.

104.   As a proximate result of defendants' willful, knowing, and intentional harassment, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

105.   As a proximate result of defendants' willful, knowing, and intentional harassment, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

106.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

107.   Defendants' misconduct was committed intentionally, in a fraudulent, malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

///
///
///
///
///
///

# NINTH CAUSE OF ACTION

## (Retaliation for Complaining of Discrimination and

## Harassment on the Basis of Disability in Violation of Title I

## of the Americans With Disabilities Act (42 U.S.C. § 12101

## *et seq.*) —Against Defendants Archdiocese and

## Transfiguration Inclusive of Does 1 through 100

108. The allegations set forth in paragraphs 1 through 107 are re-alleged and incorporated herein by reference.

109. At all times herein mentioned, the Americans With Disabilities Act, 42 U.S.C. section 12101, *et seq.,* was in full force and effect and was binding on defendants Archdiocese and Transfiguration. This statute requires defendants to refrain from retaliating against any employee for complaining of discrimination or harassment.

110. Defendants terminated plaintiff's employment in violation of FEHA's prohibition against retaliation on the basis of disability. Had plaintiff not been injured, she would have retained her job for a substantially longer time and obtained benefits that other employees who did not have physical disabilities did, in fact, receive.

111. Plaintiff believes and on that basis alleges that her disability was a substantial motivating reason in defendants' termination of her employment.

112. As a proximate result of defendants' willful, knowing, and intentional retaliation, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

113. As a proximate result of defendants' willful, knowing, and intentional retaliation, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

114. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

115. Defendants' misconduct was committed intentionally, in a fraudulent,

malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendant.

WHEREFORE, plaintiff, Kourtney Liggins, prays for judgment against defendants as follows:

1.  For general and special damages according to proof;

2.  For exemplary damages according to proof;

3.  For pre-judgment and post-judgment interest on all damages awarded;

4.  For reasonable attorneys' fees;

5.  For costs of suit incurred;

6.  For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, Kourtney Liggins, demands trial of this matter by jury.

Dated:  November 20, 2014         SHEGERIAN & ASSOCIATES, INC.


                                  By: _____
                                      Carney R. Shegerian, Esq.

                                      Attorneys for Plaintiff,
                                      KOURTNEY LIGGINS

Carney R. Shegerian, Esq. (SBN 150461)
Cshegerian@shegerianlaw.com
Shegerian & Associates, Inc.
225 Arizona Avenue, Suite 400
Santa Monica, California 90401
(310)860-0770

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Kourtney Liggins,

PLAINTIFF(S)

v.

Archdiocese Of Los Angeles, Transfiguration School, Michael
Tang, Evelyn Rickenbacker, And Does 1 To 10, Inclusive,

DEFENDANT(S) .

CASE NUMBER

LACV14-8983MMM (JEMx)

**SUMMONS**

TO:   DEFENDANT(S):  City of Garden Grove

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint
[ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, Carney R. Shegerian, Esq. , whose address is
225 Arizona Avenue, Suite 400, Santa Monica, California 90401 . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated:  NOV 2 0 2014

By: _____

Deputy Clerk

1174

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**                                                        CCD-1A

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| Kourtney Liggins | Archdiocese Of Los Angeles, Transfiguration School, Michael Tang, Evelyn Rickenbacker, And Does 1 To 10, Inclusive, |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   Los Angeles |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Carney R. Shegerian, Esq.<br>Shegerian & Associates, Inc.<br>225 Arizona Ave., Suite 400<br>Santa Monica, CA 90401 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000.00+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title VII of the 1967 Age Discrimination in Employment Act (29 U.S.C. section 620, et. seq.); Title VII of the 1964 Civil Rights Act and the Pregnancy Discrimination Act of 1978 (42 U.S.C. section 2000e, et. seq.); Title VII of the Americans with Disabilities Act (42 U.S.C. section 12101 et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** Case Number: | LACV14-8983 |
|---|---|

CV-71 (06/14) | CIVIL COVER SHEET | Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **QUESTION A:  Was this case removed from state court?** | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes  [X] No | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | | Southern |
| | [ ] Riverside or San Bernardino | | Eastern |

| **QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?** | **B.1.**  Do 50% or more of the defendants who reside in the district reside in Orange Co.? | [X] YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes  [X] No | *check one of the boxes to the right* ➡ | [ ] NO.  Continue to Question B.2. |
| If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.2.**  Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) | [ ] YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| | *check one of the boxes to the right* ➡ | [X] NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action?** | **C.1.**  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? | [X] YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes  [X] No | *check one of the boxes to the right* ➡ | [ ] NO.  Continue to Question C.2. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.2.**  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) | [ ] YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| | *check one of the boxes to the right* ➡ | [X] NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION D:  Location of plaintiffs and defendants?** | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes  [X] No | [ ] Yes  [X] No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E,  below, and continue from there. | Enter "Eastern" in response to Question E,  below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below. ⬇ |

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| **QUESTION F: Northern Counties?** | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes  [X] No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court?**          ☒ NO          ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A.  Arise from the same or closely related transactions, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _Carney R. Shegerian_          DATE: November 20,  2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |